Hardwick *et al. v.* Wilson *et al.*

———————•———————

HARDWICK ET AL. *v.* WILSON ET AL.

PLEADING.—*Warranty.—Tort.—Misjoinder of Causes of Action.*—Where the first paragraph of a complaint alleged that the defendant sold to the plaintiff seventeen head of beef cattle, which the defendant represented and warranted to be sound, healthy, and merchantable, and one of them proved to be diseased and unfit for beef, and not marketable, to the plaintiff's damage, etc.; and the second paragraph alleged the sale, and that defendant represented that the cattle were sound and merchantable, whereby plaintiff was induced to purchase them; whereas one was diseased and unfit for market, which was known by defendant and fraudulently concealed by him from plaintiff, to his damage, etc.; it was *held*, on separate demurrers to each paragraph, for want of sufficient facts, that each was sufficient, the first as an action on a warranty, and the second for a tort; and no demurrer having been filed for misjoinder of causes, the question of such misjoinder was not presented in the court below, and could in no event have been successfully presented on appeal.

APPEAL from the Hendricks Circuit Court.

DOWNEY, J.—This action was brought by the appellees against the appellants. The complaint is in two paragraphs.

In the first, it is alleged that the plaintiffs purchased of the defendants seventeen head of beef cattle, which the defendants represented and warranted to be sound, healthy, and merchantable; and that one of them was diseased, unfit for beef, and not marketable, and by reason thereof, of no value, by which the plaintiffs were damaged to the amount of seventy-five dollars.

In the second paragraph, it is alleged that the plaintiffs purchased of the defendants seventeen head of beef cattle, at, etc., for shipment to New York; that the defendants then and

Hardwick *et al. v.* Wilson *et al.*

there stated and represented that said cattle were sound and merchantable, by which representations the plaintiffs were induced to purchase said cattle; that one of them was diseased, unsound, and unfit for market, which was well known to the defendants and fraudulently concealed by them from the plaintiffs, etc., to the plaintiffs' damage one hundred dollars.

Warren Hardwick answered separately, first, the general denial; and, second, that the steers mentioned in the first and second paragraphs of the complaint were one and the same steer, and not two, as there stated, and the same was the property of him, the said Warren Hardwick, and not the property of Warren Hardwick and Fountain Hardwick, and was sold to the plaintiff by him, the said Warren Hardwick; and this he is ready to verify.

Fountain Hardwick also answered separately, first, the general denial; and, second, that the steer was not the joint property of him and Warren Hardwick, but was the property of Warren Hardwick alone; and this he is ready to verify.

The plaintiff replied to the second paragraphs of the answers by a general denial thereof; and, second, that they purchased, by one contract, the entire lot of cattle mentioned in the complaint, including the diseased steer, of the defendants jointly, without any notice that either of them had any separate interest in said cattle, or any one of them; but, on the contrary, the defendants represented themselves as partners to the plaintiffs; wherefore, etc.

The issues were tried by the court, there was a finding for the plaintiffs, a motion made by the defendants for a new trial overruled, and judgment on the finding.

The errors alleged in this court are, first, that the paragraphs of the complaint are insufficient; and, second, that the court erred in refusing a new trial.

We see no good objection to either of the paragraphs of the complaint. The first is apparently on a contract of warranty, and the second is clearly founded on a tort. This might, if we are correct in this opinion, have furnished a good ground

for a demurrer for misjoinder of causes of action. But this objection was not made in the circuit court, and if made there and disallowed, could not be successfully made here. 2 G. & H. 81, sec. 52.

We think the evidence fully justified the finding of the court. The evidence shows that Fountain Hardwick owned six head of the cattle, Warren owned five, including the diseased one, and together they owned the others. Fountain made the sale of all of them together, to the plaintiffs. One of the plaintiffs, noticing that something was the matter with the steer in question in the pasture, asked Fountain what was the matter with him, and Fountain said, that "they had broke him to rack, and that the steer was all right, and as good as any of the steers." Fountain himself testified that when the question was asked him, he answered, that "that was the way that he was broke to ride." The evidence shows that the defendants knew before the sale that the steer was diseased. He fell down several times in going from the scales to the depot, and on the cars got down frequently, on the way, and finally could not get up, and was sold for five dollars. We think the evidence sustained the charge of fraud in the second paragraph of the complaint.

The judgment is affirmed, with ten per cent. damages and costs.

*C. C. Nave* and *C. A. Nave*, for appellants.